THORNTON, J.
The state seeks reversal of orders of the trial court dismissing two traffic complaints against defendant, the first for violation of the basic rule, and the second for driving while his driver’s license was suspended.
The sole issue presented for our decision is whether the action of the district court in dismissing the above complaints constituted an abuse of discretion.
The basis for dismissal was the state’s asserted failure to comply with the discovery statutes, ORS 135.815 et seq., to the prejudice of the defense in that the state failed until two days before trial to furnish defendant with a copy of (1) the order of the Motor Vehicles Division (MVD) suspending defendant’s operator’s permit, and (2) defendant’s driving record.
The state argues first, that defendant was free to obtain the above documents from MVD on his own initiative and that the state was therefore under no duty to furnish them to him; second, that ORS 135.815 was not violated; third, even assuming arguendo that ORS 135.815 was violated, there was no real prejudice and defendant failed to ask for a continuance, and therefore the trial judge abused his discretion in imposing such a drastic sanction. Defendant counters by asserting that he was prejudiced by the state’s delay in preparing his defense and in depriving him of the opportunity to enter into plea negotiations with the district attorney’s office.
The facts are not in dispute. The chronology of the events leading up to the trial court’s orders is as follows:
On February 2, 1977, defendant was arrested and cited on each of the two charges involved. On March 14, 1977, defendant’s counsel sent a letter to the district attorney making demand for pretrial discovery. On April 20 or 21 the district attorney informed defendant that he had no documents in his possession *[1118] and that MVD had the documents, a copy of one of which had apparently been previously receipted for by defendant in 1973. The district attorney informed defendant’s attorney of the existence and nature of the MVD’s documents approximately one week before trial; copies of the documents were provided to defendant on April 26,1977, two days before the date set for trial on the charges. Defendant does not deny that he had prior knowledge of the existence of the documents, that in 1973 he received in the mail and signed for a copy of at least one, namely, the MVD’s order suspending his driver’s license, and that such suspension was in full force at the time defendant was cited on February 2, 1977.
It appears that the reason the documents were not provided sooner was because of the administrative delay on the part of MVD in forwarding them to the district attorney’s office. The record reflects, however, that the district attorney informed defendant’s attorney of the existence and nature of the MVD documents approximately one week before trial. It also appears that the district attorney’s office provided the material as soon as it was received from MVD.
In announcing his decision to grant defendant’s motion to dismiss the two traffic complaints, the trial judge indicated that he was imposing the challenged sanction not only to serve the interests of justice in the case, but also to serve notice on MVD to be more prompt in forwarding documents.
In answer to the state’s first argument, the fact that defendant might have obtained copies of the records on. his own initiative would not in our view relieve the state of the duty to disclose imposed by ORS 135.815.[1] The statute makes no such exception.
*[1119] Second, as to whether there was a violation, while ORS 135.845(1) provides no specific time limit within which requested material must be furnished to a defendant, it states that such material shall be furnished "as soon as practicable.” Under the facts presented here we would agree with the state that there was no violation.
Reversed and remanded.

ORS 135.815 provides in part:
"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within his possession or control:
«* * * * jfc
*[1119] "(4) Any books, papers, documents, photographs or tangible objects:
"(a) Which the district attorney intends to offer in evidence at the trial * *